**Phillip D. WASHINGTON,**
**Petitioner/Respondent,**

v.

**Ernestine WASHINGTON,**
**Respondent/Appellant.**

**No. ED 76924.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 21, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 10, 2000.

Application for Transfer Denied June 27, 2000.

Elbert A. Walton, Jr., St. Louis, for appellant.

Bruce Eastman, Florissant, for respondent.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

Wife, Ernestine Washington, appeals from the trial court's grant of husband's, Phillip D. Washington, motion for rehearing and a modification of the decree after entry of an earlier judgment modifying the decree of dissolution of the parties' marriage and finding husband in contempt. We reverse.

The decree of dissolution was entered on January 28, 1998. In September 1998, husband filed a motion to modify with regard to child custody and support and wife filed a counter motion to modify with regard to the same. Wife also filed a motion for contempt against husband for failure to pay child support, removal of the children to the State of Illinois, and failure to pay debts and turn over property as ordered in the decree. The trial court issued an order to show cause to husband. On February 10, 1999, the family court commissioner issued findings and recommendations, modifying the original decree and finding husband in contempt.

On February 11, 1999, a judge approved and adopted the findings and recommendations of the commissioner. On February 16, 1999, notice of the judgment was sent to the parties.

On March 15, 1999, husband filed a motion for rehearing [1] or to amend judgment. On June 7, 1999, the trial court granted a rehearing. On August 27, 1999, the trial court entered a judgment modifying the decree. Wife appeals.

In her first point, wife contends the court was without jurisdiction to grant a rehearing with respect to the February 11, 1999 judgment and to enter the August 27, 1999 judgment. She argues the court was deprived of jurisdiction to rule on the motion for rehearing because of husband's failure to file his motion within fifteen days after the mailing of the notice that the judgment was filed or because of the court's failure to rule on the motion within 45 days of the husband's filing his motion.

The case before us is a family court matter heard before a commissioner pursuant to chapter 487, RSMo (Cum.Supp. 1998). Rule 129 governs practice and procedures before commissioners hearing family law matters. Rule 129.01. Rule 129.02 provides, "This Rule 129 is promulgated pursuant to the authority granted this Court by article V, section 5 of the Constitution of Missouri and supersedes all statutes and existing court rules incon-

---

1. Husband styled his motion a motion for "new trial" and the court granted a "new trial." Consistent with Rule 129, however, we use the term "rehearing" when referring to the motion or the court's ruling.

sistent therewith." A judge may either adopt or reject the findings and recommendations of the commissioner and enter a judgment of the court. Rule 129.09. Moreover, Rule 129.13 states in relevant part:

(a) Unless waived by the parties in writing, a party to a case or proceeding heard by a commissioner, within fifteen days after the mailing of notice of the filing of the judgment of the court, may file a motion for rehearing by a judge of the court. . . .

(b) The judge shall rule on the motion for rehearing promptly. If the motion for rehearing is not ruled on within forty-five days after the motion is filed, it is overruled for all purposes.

■ In the case at bar, the court adopted the findings and recommendations of the family court commissioner as a judgment on February 11, 1999. On February 16, 1999, notice of the filing of the judgment was mailed to the parties. At that time, pursuant to Rule 129.13, either party could have filed a motion for rehearing within 15 days of the mailing of the notice. Husband, however, filed a motion for rehearing on March 15, 1999, more than 15 days after the mailing of the notice. Husband's motion was therefore untimely under 129.13(a) and the court was without jurisdiction to rule on the motion.[2] Thus, the order on June 7, 1999 granting a rehearing was without force or effect.

■ Even assuming the motion for rehearing was timely filed, pursuant to Rule 129.13(b) the court was required to rule on the motion within 45 days after the date it was filed or it was considered overruled for all purposes. In the case at bar, the motion for rehearing was filed on March 15, 1999, yet the trial court did not rule on the motion until June 7, 1999. Because the court did not rule on the motion within 45 days of its filing, the motion was overruled for all purposes and the court was without jurisdiction to rule on the motion. Wife's first point is granted.

In her second point, wife contends the trial court erred in failing to specify the grounds for the order granting a rehearing. In view of our holding that the trial court lacked jurisdiction to grant the motion for rehearing, this issue is rendered moot.

The order of the trial court purporting to grant a rehearing on husband's motion is null and void, as is the August 27, 1999 judgment modifying the decree of dissolution. The judgment modifying the decree of dissolution and finding husband in contempt, as originally entered on February 11, 1999, remains in full force and effect. The judgment of the trial court which purports to grant husband a rehearing and the August 27, 1999 modification of the decree is reversed.

MARY K. HOFF, J., and ROBERT E. CRIST, S.J., Concur.

---

**2.** We do not reach the issue of whether under Rule 75.01 the court on its own motion could have granted a rehearing within thirty days of entry of judgment, because that issue is not before us.